NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1812
_____

UNITED STATES OF AMERICA

v.

RAYMON WALTERS,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 1:19-cr-00176)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 28, 2023

Before: MATEY, FREEMAN, and FUENTES, *Circuit Judges*

(Opinion filed: November 15, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

Raymon Walters was convicted for illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 82 months' imprisonment. He appealed, and his attorney filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), along with a brief contending that there are no nonfrivolous issues warranting review. Walters filed a pro se brief on the merits of his appeal. After reviewing counsel's brief, we conclude that there is arguable merit to one of the issues counsel addressed. We also conclude that there is arguable merit to an additional issue that was not addressed in the *Anders* brief. So we will discharge current counsel, appoint substitute counsel, and order supplemental briefing in accordance with this opinion.

## I

We write primarily for the parties and recount only the facts most important to our decision. On May 21, 2018, Camden police received a dispatch that a Black male dressed in all black had brandished a gun at the corner of Broadway and MLK Boulevard, jumped into a taxi, and headed south on Broadway. Two officers in separate patrol vehicles spotted a man fitting the suspect's description at the corner of Broadway and Line streets—about half a mile south of the location of the reported incident—sitting on a bicycle and speaking to a woman in a car. That man was later identified as Raymon Walters.

Officer Baahir Starkey pulled his vehicle up alongside Walters, and Officer Megan Watts stopped her vehicle behind Officer Starkey's. Officer Starkey asked Walters if he had heard or seen anything about a gun. Walters responded that he had not, and then he

tried to show Officer Starkey a video on his cell phone. After a brief further interaction, Walters took off running.

Officer Starkey ordered Walters to stop, but he kept running. Both officers pursued Walters on foot and saw him discard two items during the chase: a cellphone and a pistol later found to be loaded with eight bullets. Officer Starkey ultimately subdued and arrested Walters.

At the police station, Walters was read and waived his *Miranda* rights. He agreed to an interview and admitted to possessing a gun despite knowing that his prior felony conviction prohibited him from doing so. At some point after Walters's arrest, police determined that he was not the individual who had brandished a gun on the corner of Broadway and MLK Boulevard.

Walters was charged in a one-count indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). A jury convicted him, and the District Court sentenced him to 82 months' imprisonment. He timely appealed.

## II[1]

Upon receiving an *Anders* motion, we must decide whether the appeal is wholly frivolous. *United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001). If so, we grant counsel's motion to withdraw and dismiss the appeal. *Id.* But if we "find[] any of the legal points arguable on their merits (and therefore not frivolous)," we must appoint new counsel to argue the appeal. *Id.* at 300 (quoting *Anders*, 386 U.S. at 744). We exercise

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

plenary review to determine whether there are any non-frivolous issues. *Simon v. Gov't of Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012).

## III

Under *Anders*, court-appointed counsel may seek to withdraw from representation if—after careful examination of the record—counsel determines there are no non-frivolous arguments to make on appeal. In seeking to withdraw, counsel must file a brief identifying "anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. We then evaluate counsel's brief by answering two questions: (1) whether counsel has fulfilled the requirements of Third Circuit L.A.R. 109.2(a); and (2) whether "an independent review of the record presents any non-frivolous issues." *United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022).

### A

We are satisfied that counsel has complied with his obligations under *Anders* and L.A.R. 109.2(a). An *Anders* brief is considered adequate when it: "(1) demonstrates to this Court that [counsel] has thoroughly examined the record in search of appealable issues, and (2) explains why those issues are frivolous." *Id.* The *Anders* brief must evince a "conscientious examination" of the record, *Anders*, 386 U.S. at 744, but counsel "need not raise and reject every possible claim." *Youla*, 241 F.3d at 300. If counsel's submission is deemed adequate, "then we may limit our review of the record to the issues counsel raised." *Langley*, 52 F.4th at 569.

4

Here, counsel has identified six issues that could potentially provide grounds for an appeal and explained why he believes each issue is ultimately frivolous.[2] We agree that five of these issues are frivolous, but we conclude that one issue has arguable merit. Nonetheless, counsel's brief reflects a "conscientious examination" of the record in search of appealable issues for his client, so we are satisfied that counsel has fully complied with his obligations under L.A.R. 109.2(a). *Anders*, 386 U.S. at 744.

B

Because counsel has submitted an adequate *Anders* brief, we proceed to the second step of the *Anders* inquiry: a "review [of] the record before us, guided by counsel's brief, in search of any non-frivolous issues." *Langley*, 52 F.4th at 575. We address the issues Walters included in his pro se brief only to the extent that they are discussed in counsel's brief. *See id.* at 569 (holding that, when counsel has fulfilled his obligation under *Anders*, "we may limit our review of the record to the issues counsel raised").

1

We begin with the issues that we agree are frivolous. First, Walters was properly charged with violating 18 U.S.C. § 922(g)(1). In accordance with *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), the superseding indictment charged that Walters knowingly possessed a firearm after being convicted of a crime punishable by more than a year of imprisonment *and* that Walters knew he had been previously convicted of such

---

[2] Counsel also listed several additional issues that Walters urged him to raise on appeal and provided a short explanation as to why he believes that each is frivolous.

5

a crime. Any challenge to the adequacy of the superseding indictment would be frivolous.

Second, there is no non-frivolous argument challenging the District Court's denial of Walters's suppression motion. The District Court correctly determined that no seizure occurred until Walters was physically restrained and arrested by the officers after he had run from them, discarding a firearm in the process. *See United States v. Brown*, 448 F.3d 239, 245 (3d Cir. 2006) ("A seizure occurs when there is either (a) a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful, or (b) submission to a show of authority." (internal quotation marks omitted)). At that point, probable cause existed for Walters's arrest.

Third, any challenge to the denial of Walters's bifurcation motion would be frivolous. Defense counsel asked the District Court to bifurcate the jury's consideration of the elements of the § 922(g)(1) charge, such that it would hear evidence of Walters's prior felony convictions only after reaching a verdict as to whether he possessed the firearm at issue in the case. But we have held that there are good reasons not to bifurcate trials involving only a § 922(g)(1) charge, *see United States v. Jacobs*, 44 F.3d 1219, 1223 (3d Cir. 1995), and nothing in this record indicates that bifurcation was required here.

Fourth, the trial evidence was sufficient as to each element of a § 922(g)(1) violation. In particular, there was sufficient evidence that the firearm Walters possessed had traveled in foreign commerce. So there is no non-frivolous basis to challenge the denial of Walters's motion for a judgment of acquittal under Fed. R. Crim. P. 29.

Fifth, any argument challenging the lawfulness or reasonableness of the sentence imposed by the District Court would be frivolous. The 82-month sentence is below the statutory maximum and within the agreed-upon Sentencing Guidelines range. So the sentence is presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007). And nothing in the record calls the sentence's reasonableness into doubt. Further, the record as a whole reflects that the District Court undertook a rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007).

We also agree with counsel's assessment that the issues Walters urged him to raise on appeal are frivolous. Specifically, we agree that (i) no evidence establishes that the officers' testimony or their reports were false; (ii) the trial prosecutor made no improper comments in her opening statement concerning what the body-camera footage would show; (iii) prosecutors are not required to present exculpatory evidence to grand juries, but even if they were, Walters has not demonstrated that any such evidence existed; (iv) § 922(g)(1)'s interstate or foreign commerce requirement is not facially unconstitutional; (v) there is no evidence that the prosecutor knew and failed to disclose the names of eyewitnesses; and (vi) there is no evidence that additional body-camera footage was available but not provided to the defense.

## 2

We now turn to the issue identified by counsel that we conclude has arguable merit.

Before trial, defense counsel pursued a stipulation under which the parties would inform the jury that, at the time of the events at issue, Walters knew that he had been previously convicted of a felony that subjected him to § 922(g)(1)'s firearm prohibition. *See Old Chief v. United States*, 519 U.S. 172, 190–92 (1997); *Rehaif*, 139 S. Ct. at 2194. Defense counsel signed the stipulation, but Walters refused to sign it and made clear that he did not want the stipulation presented to the jury. As a result, the government declined to enter the stipulation, and it informed the District Court that it would seek to introduce the certified judgments of Walters's two prior drug convictions and the associated incarceration records.

Defense counsel argued that the District Court should accept the stipulation between the attorneys. He also argued that the District Court would commit error under *Old Chief* if it did not compel the government to stipulate to the fact of the prior conviction. But the District Court concluded that it could not force the government to accept the stipulation.

In his *Anders* brief, counsel posits that the failure to force the government to enter an *Old Chief* stipulation might have supported a non-frivolous appeal issue. But counsel reasons that the District Court later eliminated the prejudice from any error by placing limits on the government's evidence. He points to the District Court's ruling that the government could introduce only "the fact of the conviction, what the crime was, the date of the conviction[,] and what the sentence imposed was for both" prior convictions. App. 524. And the record shows that the government informed the jury (and introduced documentary evidence) that Walters had prior convictions for "third degree possession

with intent to distribute marijuana on September 21st of 2011, and that he was sentenced to a term of three years of imprisonment on that conviction" and "distribution of marijuana within 500 feet of public housing on September 21st, 2011, and he was sentenced to a term of three years of imprisonment at New Jersey State Prison." App. 597.

In his *Anders* brief, counsel reasons that "[a]ll of these facts would have been included in the *Old Chief* stipulation, so the jury would have heard them" even if the District Court had required the government to enter the stipulation. *Anders* Br. at 31. We disagree. If the parties had entered an *Old Chief* stipulation, the jury would not have heard the nature of either prior conviction. *See Old Chief*, 519 U.S. at 174 (holding that it is an abuse of discretion for a trial court in a § 922(g)(1) prosecution to reject a defendant's offer to stipulate to the fact of a prior qualifying conviction and instead admit the full record of conviction); *see also id.* at 190–91 ("The most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun, and this point may be made readily in a defendant's admission and underscored in the court's jury instructions.").[3] The jury also would not have learned the length of the sentence or

---

[3] *Old Chief* stipulations generally state that, prior to the date the defendant allegedly possessed the firearm, the defendant had been convicted of a crime punishable by more than a year of imprisonment, and they include the name of the court in which the conviction was sustained. *See, e.g.*, *United States v. Nasir*, 982 F.3d 144, 151 & n.3 (3d Cir. 2020), *cert. granted, judgment vacated on other grounds*, 142 S. Ct. 56 (2021); *United States v. Hoover*, No. 17-cr-525, 2020 WL 859331, at *5 (D.N.J. Feb. 21, 2020), *aff'd*, 857 F. App'x 721 (3d Cir. 2021) ("The stipulation presented to the jury bears repeating: 'Prior to April 23, 2017, the defendant, Shakey Hoover, was convicted of a

sentences actually imposed; it would have learned only that Walters was convicted of a crime punishable by more than one year of imprisonment. So there is a non-frivolous issue about whether the government was required to accept an *Old Chief* stipulation in these circumstances.

C

Our independent review of the record has yielded an additional non-frivolous issue that was not addressed in the *Anders* brief: whether 18 U.S.C. § 922(g)(1), as applied to Walters, is consistent with the Second Amendment.

In June 2022—two months after the District Court entered its judgment of sentence in Walters's case—the Supreme Court issued its opinion in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). In *Bruen,* the Court "announced a new framework for analyzing restrictions on the possession of firearms." *Atkinson v. Garland*, 70 F.4th 1018, 1019 (7th Cir. 2023). It held that, when an individual raises a Second Amendment challenge, "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 142 S. Ct. at 2127.

One year later, we relied on *Bruen* to address an as-applied Second Amendment challenge to 18 U.S.C. § 922(g)(1). In *Range v. Attorney General United States of America*, we held "that the Government has not shown that the Nation's historical

---

crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, Essex County.'").

10

tradition of firearms regulation supports depriving [the plaintiff] of his Second Amendment right to possess a firearm." 69 F.4th 96, 106 (3d Cir. 2023) (en banc).

After *Bruen* and *Range*, several individuals charged under § 922(g)(1) have asserted that the statute violates the Second Amendment as applied to them. Those challenges have had mixed results, and this Court is poised to address some of those cases on appeal. *See, e.g.*, *United States v. Hendricks*, No. 3:22-CR-397, 2023 WL 6276681, *6–*12 (M.D. Pa. Sept. 26, 2023) (denying an as-applied Second Amendment challenge to a § 922(g)(1) indictment); *United States v. Quailes*, No. 1:21-CR-0176, 2023 WL 5401733 (M.D. Pa. Aug. 22, 2023) (dismissing a § 922(g)(1) indictment and concluding that the statute violates the Second Amendment as applied to the defendant), *appeal docketed*, No. 23-2533 (3d Cir. Aug. 24, 2023).

Without briefing about the impact of *Bruen* and *Range* on Walters's case, we cannot conclude that an as-applied Second Amendment challenge would be frivolous. So we will direct the parties to address this issue upon the appointment of new counsel.

\*　　\*　　\*

For the foregoing reasons, we grant current counsel's motion for leave to withdraw and direct the Clerk of Court to appoint new counsel and set a new briefing schedule. Upon the appointment of new counsel, the parties shall limit their briefs to the following issues:

> (1) Whether Walters's express wishes not to enter the proposed stipulation affected the government's obligations under *Old Chief* to stipulate to the fact of a prior conviction;

11

(2) Whether the inclusion of a *mens rea* element in the proposed stipulation affected the government's obligations under *Old Chief* to stipulate to the fact of a prior conviction;

(3) Whether any appellate issue related to the *mens rea* element of the proposed stipulation was preserved at trial; and

(4) Whether 18 U.S.C. § 922(g)(1) as applied to Walters violates his Second Amendment rights under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and *Range v. Attorney General United States of America*, 69 F.4th 96 (3d Cir. 2023) (en banc).